DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 2013–5 |
| KIM A. BLACKETT, | ) | |
| | ) | |
| Defendant. | ) | |

ATTORNEYS:

**Gretchen C.F. Shappert, United States Attorney**
**Kim L. Chisholm, AUSA**
**Sansara Adella Cannon, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Omodare Jupiter, FPD**
**Gabriel J. Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Kim A. Blackett.*

## ORDER

**GÓMEZ, J.**

Before the Court is Kim A. Blackett's ("Blackett") petition for a discharge of her probation obligation, which was imposed by this Court in the above captioned matter.

On March 30, 2013, the United States charged Blackett in a two-count information with violations of Virgin Islands and federal law. Count One of the Information charged Blackett with making a fraudulent claim upon the government in violation of 14

V.I.C. § 843(3). Count Two of the Information charged Blackett with Federal wire fraud in violation of 18 U.S.C. § 1343.

Blackett subsequently pled guilty to Count One of the Information. On January 8, 2014, the Court sentenced Blackett pursuant to 5 V.I.C. § 3711(c). No judgment of conviction was entered and further proceedings were deferred. The Court sentenced Blackett to a three-year term of supervised probation. The Court ordered Blackett to repay to the Government of the Virgin Islands ("GVI") ten percent of the salary she received from the Virgin Islands Legislature between March 2008 and October 5, 2011. Supervised probation commenced upon imposition of Blackett's sentence.

Blackett's probation was subject to several terms and condition. Those terms and conditions were outlined in a July 29, 2014, order entered by this Court. The July 29, 2014, order memorialized the sentence imposed by the Court on January 8, 2014. Condition 6 provided that Blackett "shall repay to the Government of the Virgin Islands ten percent (10%) of the salary [she] received between the period of March 2008 to October 5, 2011." *See* ECF No. 21 at 2.

On January 8, 2017--three years after the imposition of Blackett's sentence--Blackett had not yet fully paid restitution to the GVI. The Court held a hearing in this matter on January 18, 2017. At the hearing, the parties agreed that Blackett was

required to pay $18,375 to the GVI as a condition of her probation. The parties also agreed that the only payments Blackett had made towards restitution were monthly payments of $25. Blackett's monthly payments were sanctioned by the United States Probation Office. While the parties disputed the total amount paid by Blackett, they agreed it was less than $1,000.

Subsequently, on January 23, 2017, Blackett delivered to the Clerk of Court a check in the amount of $17,825.38, satisfying her restitution obligation in full.

In certain circumstances, 5 V.I.C. § 3711(c) ("Section 3711") permits a court to enter a sentence of "[p]robation without conviction." 5 V.I.C. § 3711(c). Section 3711(c) provides:

> (1) Upon finding of guilty or upon receipt of a verdict of guilty or plea of guilty wherein the alleged offense did not result in the personal injury or death of any person and where no deadly weapon was used in perpetrating the crime, the court may, without entering a judgment of guilty or accepting the plea and with the consent of the defendant, defer further proceedings and place the defendant on probation upon such terms and conditions as it may require; Provided, the accused has never been convicted of a misdemeanor or felony in this jurisdiction or under the laws of the United States, any state or territory thereof, or foreign jurisdiction. Upon fulfillment of the terms of probation the defendant shall be discharged without court adjudication of guilt, and an order shall be entered expunging the finding, verdict or plea of guilty and all records as defined in chapter 314 of this title as the case may be. Upon violation of the terms of probation the court may enter an

> adjudication of guilt and proceed to impose a fine or imprisonment, or both as provided by law.
>
> (2) A defendant sentenced under this subsection may also be ordered to make restitution to the victim of the crime, for any money or property loss or compensation for actual monetary damages directly resulting from the crime, either as a condition of probation or as an order joined with the sentence. If restitution is not paid as ordered, a civil judgment may be entered for the unpaid amount.

5 V.I.C. § 3711(c).

Section 3711 permits a court to enter an order of restitution as either (1) a condition of probation; or (2) "an order joined with the sentence." 5 V.I.C. § 3711(c)(2). Here, the court explicitly ordered Blackett to pay restitution to the GVI as a condition of her probation. She failed to do so during her term of probation, violating that condition.

Section 3711(c) is clear on what a sentencing court is to do when a defendant sentenced to probation without conviction fulfills the terms of probation: "Upon fulfillment of the terms of probation the defendant shall be discharged without court adjudication of guilt, and an order shall be entered expunging the finding, verdict or plea of guilty and all records . . . ." 5 V.I.C. § 3711(c)(1).

When a defendant violates a term of probation, section 3711 is somewhat less clear in its instruction. If a defendant violates any condition of probation, the Court "may enter an adjudication of guilt and proceed to impose a fine or

imprisonment, or both." 5 V.I.C. § 3711(c)(1). Section 3711 does not explicitly provide that a sentencing court may nevertheless proceed to expunge a guilty plea in the face of a probation violation. Section 3711 does not, however, explicitly foreclose this possibility either.

In *Shoy v. Virgin Islands*, 55 V.I. 919 (2011), Alford Shoy ("Shoy") pled guilty to obtaining money by false pretense. *Id.* at 921. Shoy met all of the requirements for being sentenced to probation without conviction. *Id.* at 924-25. Shoy requested that the Superior Court sentence him under section 3711(c). *Id.* at 921. The Superior Court declined to do so and sentenced Shoy to imprisonment. *Id.* Shoy appealed, arguing that the Superior Court erred in failing to impose probation without conviction. *Id.* at 924. On appeal, the Virgin Islands Supreme Court affirmed Shoy's sentence. *Id.* at 930.

Section 3711(c) provides that "[u]pon finding of guilt or upon receipt of a verdict of guilty or plea of guilty . . . the court may, without entering a judgment of guilty or accepting the plea . . ., defer further proceedings and place the defendant on probation." 5 V.I.C. § 3711(c)(1). Interpreting this provision, the Virgin Islands Supreme Court observed that "the statutory language of § 3711(c) categorically states that '*the court may*,' immediately before the words describing the possibility of lenient treatment that a defendant could receive

under § 3711(c)." *Shoy*, 55 V.I. at 927. The Supreme Court contrasted the "permissive auxiliary verb 'may'" with "the mandatory word 'shall,'" which "normally serves to create an obligation impervious to judicial discretion." *Id.*

> Thus, the legislature's use of the word "may" confirms its intention that the application of § 3711(c) be exclusively within the discretion of the trial court. The fact that a defendant satisfies all the prerequisites of § 3711(c) does not command that the defendant has an automatic entitlement to the lenient treatment afforded by this provision. If the legislature had intended for § 3711(c) to have mandatory application upon compliance with the stated prerequisites, it would not have used the permissive term "may" in stating the conditions for operation of the statute.

*Id.*

Section 3711(c)'s instruction to sentencing courts on what to do if a defendant violates a term of probation is similar to the provision granting sentencing courts discretion to grant the relief in the first place. If a defendant sentenced to probation without conviction violates a term of that probation, Section 3711(c) provides that "the court *may* enter adjudication of guilt and proceed to impose a fine or imprisonment, or both." 5 V.I.C. § 3711(c)(1) (emphasis added).

Given the permissive nature of section 3711(c)(1)'s instruction, the Court holds that, when a defendant sentenced under Section 3711(c) violates a term of probation, the sentencing court may resort to any of the statutory remedies or

none of them. Thus, if a defendant violates a term of probation when sentenced to probation without conviction, it is within a sentencing court's discretion to (1) adjudicate the defendant guilty and impose a fine and term of imprisonment; (2) adjudicate the defendant guilty and impose a fine; (3) adjudicate the defendant guilty and impose a term of imprisonment; or (4) discharge the defendant without adjudicating her guilty.

Here, the Court ordered Blackett to pay restitution to the GVI as a condition of her probation. Acting with guidance from the United States Probation Office, Blackett made monthly payments towards this obligation. These payments, however, failed to satisfy the order of restitution within the time required by the Court's sentence. That failure constituted a violation of Blackett's supervised probation. Significantly, Blackett's payments were sanctioned by the United States Probation Office.

Thus, the Court finds that Blackett's failure was at least partly due to reliance on the United States Probation Office. Indeed, upon being informed of the urgency of her circumstances, Blackett satisfied her restitution obligation within 15 days of her deficiency. Given these circumstances, the Court finds that a less severe outcome is appropriate.

The premises considered, it is hereby

**ORDERED** that Blackett's probation obligation is **DISCHARGED**; it is further

**ORDERED** that Blackett's guilty plea is **VACATED**; it is further

**ORDERED** that the Information in this matter is **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

                                            S\_____
                                              **Curtis V. Gómez**
                                              **District Judge**